N/A

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>COREY MAYO<br><br>Defendant(s) | Case No. 3:14mj186 |

FILED MAY 29 2014 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 22, 2014** in the county of **City of Richmond** in the **Eastern** District of **Virginia**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a), | to wit, COREY MAYO did knowingly, intentionally and unlawfully distribute a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See attached Affidavit, incorporated by reference herein.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph W. Bradley, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **May 29, 2014**

/S/
David J. Novak
United States Magistrate Judge
*Judge's signature*

City and state: **Richmond, Virginia**

David J. Novak, United States Magistrate Judge
*Printed name and title*



Case 3:14-cr-00081-HEH-DJN   Document 1   Filed 05/29/14   Page 2 of 5 PageID# 2

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Joseph Bradley, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant under Rules 3 and 4 of the Federal Rules of Criminal Procedure for COREY MAYO for violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) for distribution of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance.

2. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since September 2000. Based on my training and experience as a Special Agent, I am familiar with federal firearms and drug trafficking laws, and am empowered by law to conduct investigations of, and make arrests for, such offenses. The following affidavit is based on my personal experience and involvement in this ongoing investigation, my conversations with other law enforcement officers, as well as my examination of documents and evidence related to this case. The following statements are true and correct to the best of my knowledge.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and arrest warrant, and does not set forth all facts known either to me or other law enforcement agents about this matter.

4. In June, 2013, law enforcement arrested an admitted drug trafficker who identified Corey MAYO, Chawn BEALE and others as drug traffickers who were a part of a

circle of friends involved in drug trafficking. This information lead law enforcement to develop a reliable, paid cooperator who was able to make controlled purchases of controlled substances from Corey MAYO and his associates.

5. Law enforcement utilized a reliable, documented, paid informant ("CI-1") to make a series of controlled buys of illegal controlled substances and firearms from Corey MAYO and his associates under the supervision and direction of law enforcement. Prior to each buy, law enforcement searched CI-1 and CI-1's vehicle for contraband or unauthorized items and none were found. CI-1 was equipped with audio and/or video recording equipment on each of the controlled buys and recordings were made of all but one buy, due to a recorder malfunction. After each buy, CI-1 returned to the prearranged staging location where CI-1 turned over the purchased controlled substances and was again searched and CI-1's vehicle was searched. No unauthorized items were found.

6. On May 22, 2014, at the direction and under the supervision of officers and agents from SID and ATF, CI-1 conducted a controlled purchase of crack cocaine from Corey MAYO. Prior to the purchase, CI-1 called Corey MAYO and set up the purchase of two ounces (56 grams) of crack cocaine for $2,800.00. MAYO agreed to meet CI-1 at the Popeye's Chicken restaurant located at 2709 Chamberlayne Avenue, Richmond, Virginia 23222. CI-1 advised that in the time leading up to the prearranged buy, MAYO called CI-1 at least twice to make sure CI-1 was still coming, explaining that he did not want to cook up two ounces of crack cocaine and be stuck with it if CI-1 had a change of mind. MAYO subsequently met CI-1 at a prearranged meet location. CI-1 gave MAYO $2,800.00 in US Currency and in exchange MAYO distributed approximately 55 grams of suspected crack cocaine to CI-1. MAYO told CI-1 that he would

2

have some more if needed. The item was subsequently field test and tested positive for the presence of cocaine. Based on my training and experience, as well as the training and experience of the SID agents that were present, the cocaine purchased from Corey MAYO was cocaine base, commonly known as "crack," based on its appearance, color, and texture. Our opinion is further supported by the statements Corey MAYO made to CI-1 regarding him "cooking" the crack.

## CONCLUSION

7.  I submit that this affidavit supports probable cause for a criminal complaint and arrest warrant for Corey MAYO, for violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) for the distribution of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance.

Respectfully submitted,

_____
Joseph Bradley
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this 28th day of May, 2014, in Richmond, Virginia

/S/
David J. Novak
United States Magistrate Judge
DAVID J. NOVAK
UNITED STATES MAGISTRATE JUDGE

Seen and reviewed by Olivia L. Norman, AUSA

3