UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED NOV 20 2023 CLERK, U.S. DISTRICT COURT RICHMOND, VA

UNITED STATES OF AMERICA

v.

Corey Mayo      No. 3:14-00081-HEH-DJN-1

MOTION FOR COMPASSIONATE RELEASE PURSUANT TO AMENDMENTS OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(c)(1)(A).

Comes, now, defendant, Corey Mayo, Pro-se duly swears under oath, with a sane mind, and under the act of perjury, that the following is just and true to the best of my knowledge.

## INTRODUCTION

Mr. Mayo respectfully moves this Honorable Court to grant his motion for Compassionate release under 18 U.S.C. § 3582(c)(1)(A). This motion should be granted based on the

page 1

following "extraordinary and compelling reasons". (1) The changes in the Federal Sentencing law has rendered Mr. Mayo continued incarceration extraordinarily unjust. (2) Mr. Mayo is serving an "unusually Long sentence" due to a career offender enhancement he objected to at sentencing. (3) Mr. Mayo was diagnosis with Asthma due to contracting Covid-19 (4) the length of the sentence Mr. Mayo received due to his career offender status is extremely longer than the sentences his codefendants received, which creates a sentencing disparity (5) Mr. Mayo's release would not be a danger to the community or to any individual person when balancing the 3553(a) factors.

## ARGUMENT

### 1. THE COURT HAS JURISDICTION TO GRANT MR. MAYO'S RELEASE

Mr. Mayo satisfies § 3582(c)'s 30-day waiting period. A defendant may file a motion for compassionate release when he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden's facility, whichever is earlier [.]". Congress selected this exceptionally short 30-day waiting period in order to expedite defendants access to the Courts and the Courts consideration of Compassionate release motions. See, e.g., United States v. Haney, 19-cr-541 (JSR), 2020 WL 1821988, at *3

(S.D.N.Y. Apr. 13, 2020).

Mr. Mayo submitted a request for compassionate release to the warden. The warden denied Mr. Mayo's request for Compassionate release. See Exh. 1 Accordingly, Mr. Mayo has satisfied the 30-day exhaustion requirement contained in 18 U.S.C. § 3582(c), and his motion is ripe for review.

## 2. EXTRAORDINARY AND COMPELLING REASONS

A sentence reduction in Mr. Mayos case is appropriate, due to the changes made to the federal sentencing guidelines that were amended November 1st 2023. If sentenced today Mr. Mayo would not be considered a Career offender. At sentencing through Counsel Mr. Mayo objected to his career offender status arguing "discharge of a firearm was not a crime of violence". The Court overruled Mr. Mayos objection, and imposed 151 months the low end of the Career offender guideline. See Exh. 2 The fact the regime Mr. Mayo was sentenced under has since been amended to eliminate the brutal harshness of Career offender makes his sentence extraordinarily unjust.

Mr. Mayo has been incarcerated since May 2014, Just shy of 10 years. Mr. Mayo is serving an "unusually long sentence", and is the last of all of his Codefendants who has not been released from prison. All of Mr. Mayo's Codefendants were released by the year 2017. Mr. Mayo is the only one still incarcerated, due to a mistaken career offender

page 3

enhancement. The sentencing disparity between Mayo and someone sentenced today for the same conduct with the same criminal history, plus the disparity between Mr. Mayo and his codefendants constitute "extraordinary and compelling reasons" warranting his release.

Mr. Mayo is not a danger to the community. He has a tremendous amount of support in the community, multiple opportunities for employment and he has used his time while incarcerated to better himself. A time-served sentence of almost 10 years is sufficient enough to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a). This Honorable Court should grant his motion as the severe length of his career offender sentence is inconsistent with the current sentencing landscape.

Furthermore, Mr. Mayo was diagnosis with Asthma, due to contracting Covid-19, while at F.C.I. Edgefield. Mr. Mayo has a stable residence in which to live, multiple opportunities for employment and has an extensive record of rehabilitation. Together, these circumstances constitute "extraordinary and compelling reasons" warranting his immediate release.

### 3. EXTRAORDINARILY UNJUST CAREER OFFENDER SENTENCE

Mr. Mayo's career offender sentence was based in part on an offense considered a "crime of violence" at the time of his sentencing. Now in light of Johnson,

changes to the career offender guideline, and other developments in case law, his argument is undisputable "Discharge of a firearm is not a crime of violence". See, Johnson v. United States, 576 U.S. 591 (2015); U.S.S.G. §§ 4B1.1 and 4B1.2 (Amendment 798 deleted the "residual clause" at § 4B1.2 (a)(2) and burglary of a dwelling from the list of enumerated offenses); United States v. Parral-Dominguez, 794 F.3d 440, 445 (4th Cir. 2015) (Holding that N.C. Gen. STAT § 14-34) (a) - which prohibits discharge of a firearm into an occupied dwelling - does not categorically qualify as a crime of violence because it did not require that force be used "against another person".) Therefore, Mr. Mayo if sentenced today would no longer be a Career offender.

 The fact Mr. Mayo objected to his career offender status at sentencing makes his case more distinguishable from other Career offenders. Moreover, the sentencing guidelines and The First Step Act do not require the Court to continue applying an erroneous guideline range based on a mistaken career offender enhancement, especially when Mr. Mayo properly objected to this before initial sentencing. See, United States v. Black, No. 3:04cr100 (June 7, 2019) Honorable M. Hannah Lauck concluded that the Court could not "ignore an error of this magnitude", particularly where the defendant objected to the career offender enhancement before sentencing and appealed a related challenge to his career offender status. Id "Allowing the procedural posture of this case to overrun a

page 5

individual's liberty undermines the integrity of the Court system and the value society places on Judges to get things right." Therefore, this honorable Court should see no reason to overlook this error and fundamental miscarriage of Justice particularly where, as here, The First Step Act allow the Court to resentence Mr. Mayo to the correct guideline range.

Mr. Mayo like Mr. Black, had objected to his Career offender before sentencing. Mr. Mayo should not have been sentenced as a Career offender and to leave him classified, and sentenced as one would be not only incorrect, but unjust.

### 4. EXPUNGED CRIMINAL HISTORY

Mr. Mayo had prior (misdeameanor) state convictions that are now expunged off his record, due to them being over 10 years ago. These convictions include Carrying A Concealed weapon (misdeameanor), and Carrying a loaded firearm (misdeameanor). These convictions are no longer applicable when re-evaluating Mr. Mayo's 3553(a) factors, Criminal History, and applicable guideline range. Therefore, the Court has to reconsider Mr. Mayo's Criminal History. After almost a decade in federal prison Mr. Mayo Criminal record is not the same as 2015.

This Court should now reconsider this factual evidence that Mr. Mayo presents that was overlooked during his First Motion For Compassionate Release.

See; Concepcion, 142 S.Ct. 2389, 213 L.Ed. 2d 731 (2022).

### 5. LONG-TERM COVID LED TO ASTHMA

Mr. Mayo, now argues, on December 28, 2020, he contracted Covid-19 at F.C.I. Edgefield, and due to shortness of breath the defendant was placed on an (Albuterol) inhaler to use as needed. As time passed the defendants breathing only worsen, so his care provider placed him on another inhaler (mometasone Furoate), which he uses twice daily. Mr. Mayo was prescribed two inhalers due to contracting Covid-19. The defendants contraction of Covid-19, also led to being diagnosis with Asthma. See Exh. 3

The defendant continues to suffer shortness of breath, with any physical activity, such as walking back and forth to work, education, medical, ect. Due to the defendants shortness of breathe, Mr. Mayo is unable to exercise the way he could once before.

Therefore, Mr. Mayo asks this Honorable Court to consider his shortness of breath, which led to him being diagnosis with Asthma an "Extraordinary and Compelling" circumstance warranting his release or a reduced sentence.

### 6. AGE AT THE TIME OF OFFENSE

At Mayo's sentencing in 2015, the Court was not permitted to consider age as a bases for imposing a sentence outside of the guideline range. See U.S. Sentencing Guideline Manual § 5H1.1 (1995). The guidelines are now an advisory factor under Section 3553(a). United States v. Booker, 543 U.S. 220, 245, 125, S.Ct. 738, 160 LED 2d 621 (2005), and age is a permissible characteristic for the sentencing Court to Consider, U.S. Sentencing Guideline Manual § 5H1.1 (2018).

In Mr. Mayo's situation being he was 22 years old when he committed his prior felony offenses, and 24 years old when charged with his underlying offense, Compassionate Release strongly weighs in his favor. See, e.g. McCoy, 981 F.3d at 279 (finding that the relative youth of the defendants - from 19 to 24 years old - at the time of their offenses was a relevant factor in support of Compassionate release). United States v. maumau, NO. 2:08-cr-00758-TC-11, 2020 WL 806121, at *6-7 (D.Utah Feb. 18, 2020); United States v. Lee 2020 NO. 1:95-cr-58 (LMB) 2020 WL 3422772, at *4 (E.D. VA June 22, 2020).

There is a broad consensus that older people are the less likely they are to reoffend. The Sentencing Commission Policy Statement Concerning age was amended to encourage courts to consider defendants youth as a mitigating factor in sentencing.

Courts have granted sentence reductions to people convicted at young ages of offenses way more serious than that of Mr. Mayo. Mr. Mayo's crime was serious but he asks the Court consider he was 24 years old.

page 8

when he was sentenced to spend more than 12 years in federal prison.

## 3553(a) FACTORS

The First Step Act and the Fourth Circuit decision in McCoy now authorize the court to apply the 18 U.S.C. § 3553(a) factors to sentence Mr. Mayo as he comes before the court today several years after making bad choices he made in his earlier twenties. Mr. Mayo is now 33 years old and has served 114 months in prison, which is 75% of his career offender sentence.

When considering a sentence reduction, Courts regularly consider an individual's youth at the time of the offense, and the amount of time served in prison. Mr. Mayo had only served 12 months in Richmond City Jail, for all his prior felony convictions combined, and now has served almost 10 years in federal prison. See, United States v. Dillman, 2021 U.S. Dist. LEXIS 135319 (W.D. Va. July 20, 2021) (granting sentence reduction to a defendant based on Norman, defendant had only served 1 year 5 months, and 10 days for all his convictions combined and now has served 9 years).

Mr. Mayo has served a significant stretch of time for purposes of punishment and general deterrence. If anything a reduction in Mr. Mayo's

page 9

sentence promotes the need for the sentence "to promote respect for the law, and provide just punishment", as it directly implicates the legitimacy of federal sentencing law in the eyes of the public. Cf. § 3553(a)(2)(A). It is unjust to leave Mr. Mayo sentenced as a career offender when he objected to the career offender guideline range before sentencing.

Certainly, Mr. Mayo offense conduct was serious, but this Court should carefully perused the sentences imposed on all of the other defendants in this case, and although the situations involved similar criminal conduct the sentencings were quite different. Mr. Mayo received a extremely longer career offender sentence, while his codefendants received sentences ranging from 15-90 months, Mr. Mayo received 151 months imprisonment. In fact, this honorable Court reduced Mr. Corey Beale's 90 month sentence to time served. United States v. Beale, 2017 U.S. Dist LEXIS 53258, No. 3:14 cr 81-HEH (E.D. Va April 6, 2017).

Mr. Corey Beale's release from prison left Mr. Mayo the last of his codefendants incarcerated. Mr. Beale unlike Mr. Mayo had 4 counts of the 7 count indictment, Count 3 and Count 6 were for firearms. Mr. Beale was released in 2017, but returned to Federal Prison for another "possession of a firearm by a convicted felon". Mr. Beale filed Compassionate release due to his family circumstances and was granted immediate release. See, United States

page 10

v. Beale, No. 19-cr-16 (ECF 203)(E.D. Va. 2021). Despite Mr. Beale having state and Federal convictions for firearms he was granted Compassionate release.

    In Mr. Mayo's case, he was convicted of charges, all in possession of his personal registered handguns, during the young age of 21 and 22 years old, while excercising his united states Constitutional "right to bear arms". Two of Mr. Mayo firearm convictions were misdemeanors, that have since been expunged from his record, Carrying A Concealed Weapon, and Carrying A Loaded Firearm.

    Accordingly, in light of Mr. Beale's case and the fact unlike Mr. Beale, Mr. Mayo handguns were registed in his name, the court should consider Mr. Beales case when re-evaluating Mr. Mayos 3553(a) factors and for sentencing disparity purposes, and grant Mr. Mayo Compassionate Release. The relative severity of Mr. Mayo's sentence and resulting unwarranted disparity serves as an "extraordinary and compelling reason" for release.

## REHABILITATION

    Although, rehabilitation alone, may not be considered, "successful rehabilitation efforts can be considered" in regard to the "extraordinary and Compelling" analysis. Harris, 2022 WL 636627, at *1. Mr. Mayo has made significant rehabilitative efforts during his almost

page 11

10 years of incarceration. Mr. Mayo has obtained his GED, Completed numerous First Step Act Classes, and education programs in preparation for a successful return to society. See Exh. 4

Mr. Mayo most recently Completed the Reentry program that BOP automatically enrolls inmates in before their return to society. Mr. Mayo also recently Completed a Flagger Trainer Course in accordance with PennDOT guidelines.

Clearly, Mr. Mayo has taken initiative to improve himself which speaks for his personal Character and him being successful in the Community. Mr. Mayo is HVAC Certified. Mr. Mayo has Completed the Threshold program which is a 6 month program that focuses on Nine life areas. Mr. Mayo has embraced the opportunities that were made available, developed and pursued heathy passions and interests, and obtained valuable skills that he Can immediately use in the workforce and become an asset to the Community and his family. Pepper, 562 U.S. at 491

However, the defendant has also sustained several infractions since his arrival at the BOP. Most offenses were minor, and none involved a weapon, and were all handled administratively. Given the alternatives available to the Bureau of Prisons and the government to address such conduct, they should not preclude a reduced sentence. See United States v. Ayala, 540 F. Supp. 2d 676, 680 (W.D. Va 2008) (awarding reduced sentence over governments objection based on infractions, noting that adminstrative remedies

and further criminal prosecution are adequate to address in-custody issues). Accordingly, Mr. Mayo has shown concerted efforts at rehabilitation, and even though he has substained infractions while in prison, the Court cannot say they warrant 151 months in prison time.

### RELEASE PLAN

If released, Mr. Mayo plans to live with his mother, Artisha White, at her home in Henrico, Virginia. Living with Ms. White is her 26 year old daughter; Mr. Mayo's sister. There are no guns in the home. If released, Ms. White is more than willing to pick Mr. Mayo up from his prison, and transport him to Henrico, Virginia, where they would live together. Ms. White is also willing to place Mr. Mayo on her medical insurance.

Ms. White currently has joint custody of Mr. Mayo's 13 year old son. His son was only three years old when Mr. Mayo was incarcerated in 2014 and if released, Mr. Mayo will be able to meaningfully participate in raising his son and becoming a father figure in his son's life.

Mr. Mayo enjoys the support of loving family members and friends who are eager to welcome him into society. Mr. Mayo has provided character letters from his family members and friends. Exh 5

As you can see from attached character letters, Mr. Mayo's support in the community is tremendous and he has lawful and gainful employment awaiting him. The letters speak volumes about the man that Mr. Mayo has become since 2014. Each one of his family and friends acknowledge the crime for which he was sentenced, yet also detail the ways in which Mr. Mayo has matured. With this love and support, and with the educational and vocational training that he has received within the BOP, Mr. Mayo has a renewed opportunity to successfully reintegrate in society.

## CONCLUSION

The Court must balance Mr. Mayo's mixed record in federal custody with the serious criminal conduct, his criminal history, Expunged Record, need to punish, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States 142 S.Ct. 2389, 2022 WL 2295029 at *12 (U.S. 2022); Pepper, 562 U.S. at 480-81.

The Court also has to consider Mr. Mayo's Age and Medical Conditions, his release plan, Job offer after release, and the letters of support from his family and friends. Mr. Mayo's infractions while in the BOP do not warrant a upward

page 14

departure. Mr. Mayo has served 6 years longer than his similar situated codefendants, due to a unjust career offender sentence he objected to before sentencing.

    Even if Mr. Mayo's immediate release is not warranted, a reduction in his sentence is warranted to provide just punishment and promote respect for the law. United States v. Banks, 2022 U.S. Dist. LEXIS 13787 (W.D. Va. Jan. 25, 2022)

Date: November 13, 2023    Respectfully submitted,

*Cory Mayo*

# CERTIFICATE OF SERVICE

I, Corey Mayo, hereby certify that on the 13th of November, 2023, I did place the enclosed motion requesting a Reduction in Sentence Pursuant to 18 U.S.C. § 3582, in the prison mailing system to the following party:

UNITED STATES DISTRICT
COURT OF VIRGINIA
701 East Broad Street
Richmond, VA 23219

Signed under the penalty of perjury
13th of November, 2023

*Corey Mayo*

page 16

<u>UNITED STATES DISTRICT COURT</u>
<u>EASTERN DISTRICT OF VIRGINIA</u>
<u>RICHMOND DIVISION</u>

UNITED STATES OF AMERICA
    V.
Corey Mayo          NO. 3:14-00081-HEH-DJN-1

<u>MOTION FOR APPOINTMENT</u>
<u>OF COUNSEL PURSUANT</u>
<u>TO 18 U.S.C. § 3582 (c)(1)(A)</u>

    Comes now, Corey Mayo, Pro-Se, the movant in the above cause, and would respectfully move this Court for appointment of Counsel, and would show the following in Support:

(1) The movant filed this action on November, 13, 2023. The action in this case is filed as: MOTION FOR COMPASSIONATE RELEASE PURSUANT TO AMENDMENTS OF THE FIRST STEP ACT AND 18 U.S.C. § 3582 (c)(1)(A).

(2) The action was filed and parties served.

(3) The movant would show the following matters in support:

page 1

(a) The movant does not have sufficient funds to retain private counsel and would be eligible for appointment under 28 U.S.C. § 1915 and/or 18 U.S.C. 3006A et seq.;

(b) The factual and legal matters in this litigation involve circumstances and legal principles which are complicated or beyond his knowledge to adequately present and argue;

(c) The movant is incarcerated in a federal prison and has no access to materials for research enjoyed by outside attorneys and law firms. The law library where movant is housed does not provide assistance by outside legal professionals.

(4) The New Amendments made to the Federal Sentencing guidelines apply to Mr. Mayo's case.

(5) The movant is serving a unusually long sentence, due to a mistaken career offender enhancement

(6) In addition, the following circumstances should be considered by this Court in determining the need for appointment of counsel: This petitioner is requesting that this Honorable Court, grant his Motion FOR APPOINTMENT OF COUNSEL. He is unable to obtain counsel. And he don't have the funds or the resources too.

page 2

Wherefore, the Movant would request this Court to appoint Counsel in this cause, and for all other relief the Court would find needed and necessary.

Date: November 13, 2023

Respectfully Submitted,

*Corey Mayo*

## CERTIFICATE OF SERVICE

I, Corey Mayo, hereby certify that a true and complete copy of the above and foregoing Motion for Appointment of Counsel, been duly served upon the below address on the 13th of November 2023:

United States District Court
Eastern District of Virginia
701 East Broad Street
Richmond, VA 23219

Signed under the penalty of perjury
13th of November, 2023

*Corey Mayo*

page 3